```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| ELAINE HERNANDEZ and I.C.H., a minor, by ELAINE HERNANDEZ, her mother, | |
| **Plaintiffs**, | |
| v. | CIVIL NO. 12-2052 (FAB) |
| COLEGIO Y NOVICIADO SANTA MARIA DEL CAMINO, INC. d/b/a COLEGIO SANTA MARIA DEL CAMINO; E.S.L., a minor, by JOHN DOE, MARY DOE and their conjugal partnership; MAPFRE PRAICO INSURANCE COMPANY; and ABC INSURANCE COMPANY, | |
| **Defendants**. | |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

At the initial scheduling conference on July 12, 2013, the Court granted plaintiff until July 19, 2013 to file her motion for leave to amend the complaint. (Docket 56 at 1.) The Court also granted defendants time to respond to plaintiff's motion until August 16, 2013. Id. at 2. In accordance with the initial scheduling conference, plaintiff submitted her motion for leave on July 19, 2013. (Docket 57.) The Court granted the motion later that day, however, without allowing defendants until August 16, 2013 to respond. (Docket 58.) Consequently, plaintiff filed her second amended complaint on July 22, 2013. (Docket 59.) On August 7, 2013, defendants MAPFRE Praico Insurance Company and

Civil No. 12-2052 (FAB)                                                    2

Colegio y Noviciado Santa Maria del Camino, Inc. filed a motion for reconsideration, requesting that the Court reconsider its July 19, 2013 order and instead deny plaintiff leave to amend.  (Dockets 60 & 65.)  Having considered defendants' motion and plaintiff's response, (Docket 67), the Court **DENIES** defendants' motion.

## I.   Article 1802 Tort Claim and Amended Damages

Defendants allege that the addition of plaintiff's article 1802 tort claim, as well as amended damages suffered, are time-barred.  The Court disagrees.  Federal Rule of Civil Procedure 15(c) provides that an amendment to a pleading "relates back" to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B). Defendants acknowledge, and the Court agrees, that plaintiff's article 1802 claim is predicated on the alleged sexual molestation incident of January 24, 2011, the same set of facts as the original complaint.  (Dockets 60 at p. 8; 59 at pp. 12-13.)  The same is true of plaintiff Hernandez's damages arising from the sexual molestation incident.  Accordingly, the article 1802 claim and amended damages "relate back" to the date of the original pleading

Civil No. 12-2052 (FAB)                                                    3

and are deemed to have been timely filed.[1]  Defendants' motion to reconsider on the ground that plaintiff's article 1802 claim and damages resulting from the sexual molestation incident are time-barred, therefore, is **DENIED**.

## II.  "Futility" Argument

The rest of defendants' motion advances the proposition that plaintiff's amendments cause undue prejudice and are "futile." (See Docket 60 at pp. 11-15.)  Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires," Colmenares Vivas v. Sun Alliance Ins. Co., 807 F.2d 1102, 1108 (1st Cir. 1986) (citation omitted), and if a court decides not to allow the amendment, it must do so for a valid reason "such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman v. Davis, 371 U.S. 178, 182 (1962)).

Defendants have not persuaded the Court that they have been or will be unduly harmed by plaintiff's amendments.  They merely state that they will "have to incur additional legal fees and expenses" in order to answer the second amended complaint.  (Docket 60 at 11, 12, & 14.)  Additional discovery costs, however, are inherent to the litigation process.  See, e.g., N. Ca. River Watch v. Ecodyne

---

[1] Defendants' argument regarding whether plaintiff Hernandez's June 6, 2012 letter constitutes an extrajudicial claim that tolls the statute of limitations, (Docket 60 at p. 8), is irrelevant to the relation back doctrine.

Civil No. 12-2052 (FAB)                                                   4

Corp., 2013 WL 146324 (N.D. Cal. 2013). Moreover, plaintiff's second amended complaint adds only three pages — the majority of which consist of the new article 1802 claim — and defendants have subsequently filed motions based on the sufficiency of the second amended complaint. Accordingly, no evidence of undue prejudice exists.

The Court is also unpersuaded that plaintiff's amendments are "futile." "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice P 15.08[4], at 15–80 (2d ed. 1993)) (additional citation omitted). "[T]he appropriateness *vel non* of a district court decision denying a motion to amend on the ground of futility depends, in the first instance, on the posture of the case." Hatch v. Dep't. for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). The First Circuit Court of Appeals explains:

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.

Civil No. 12-2052 (FAB)                                                   5

Id. (citations omitted).[2]  The more liberal standard of futility review applies here because plaintiff moved to amend the complaint well before the end of discovery,[3] and no motion for summary judgment has been filed.  Having reviewed the second amended complaint and defendants' challenge, the Court does not find that defendants proved that plaintiff's claims would be subject to dismissal pursuant to Rule 12(b)(6).  Their motion for reconsideration is entirely bereft of legal analysis demonstrating that plaintiff is unable to recover under any viable theory.  Because defendants have done nothing more than "mention a possible argument in the most skeletal way, leaving the Court to do counsel's work, create the ossature for the argument, and put flesh on its bones," United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), the Court declines to find that plaintiff's amendments are futile.  Defendants are not precluded from filing — and subsequently have indeed submitted — motions to dismiss reasserting their challenges with fully-developed arguments.  The Court,

---

[2] When reviewing a motion to amend a complaint for futility, the district court applies the same standard it would apply to a motion to dismiss filed pursuant to Rule 12(b)(6). Glassman, 90 F. 3d at 623.  This means that "there is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." Id.

[3] The discovery deadline is set for March 14, 2014. (Docket 29 at p. 8.)

Civil No. 12-2052 (FAB)                                                        6

therefore, will take up the 12(b)(6) sufficiency of the complaint at a later juncture.

### III. Conclusion

For the reasons discussed above, defendants' motion for reconsideration, (Docket 60), is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 20, 2013.

                                        s/ FRANCISCO A. BESOSA
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE