IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELAINE HERNÁNDEZ, <u>et al.</u>,**<br><br>   **Plaintiffs,**<br><br>             v.<br><br>**COLEGIO Y NOVICIADO SANTA MARIA DEL CAMINO, INC.; <u>et al.</u>**<br><br>   **Defendants.** | **CIVIL NO. 12-2052 (PAD)** |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Elaine Hernández claims her daughter, minor I.C.H., was sexually molested by another minor (E.S.L.), in the school where they were both enrolled (Docket No. 59 at ¶¶ 8-49). She sued the school (Colegio Santa María del Camino) and the school's insurer (Mapfre/PRAICO Insurance Company), alleging that the Colegio is liable for her own and for I.C.H.'s damages. Defendants have denied liability. Before the Court is Mapfre's "Motion for Summary Judgment" (Docket No. 154), joined by the Colegio (Docket Nos. 158 and 159), which plaintiffs opposed (Docket Nos. 171 and 211). Defendants replied and plaintiffs sur-replied (Docket Nos. 204, 205, 229, and 242). Having considered the arguments raised in light of the record, the motion is GRANTED IN PART AND DENIED IN PART.

**I.     BACKGROUND**

Hernández was a Kindergarten assistant in the Colegio. Her daughter – I.C.H. – was a pre-kinder student in the same school. Due to an ongoing construction, the pre-kinder classroom was moved to the second floor of another building that had no bathroom inside its facilities. The bathroom used by pre-kinder students was located outside the classroom facilities. Hernández

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 2 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 2

went to that bathroom looking for her daughter, and upon entering, alleged to have seen minor E.S.L. sexually molesting her daughter (Docket No. 59 at ¶ 33). Enraged and extremely upset, she "fiercely repealed" E.S.L.'s sexual assault. Id. at ¶ 37. Employees of the Colegio intervened. Id. at ¶ 38. Minor I.C.H. was taken to the Emergency Room, Id. at ¶ 40, and days later, Hernández' employment with the Colegio was terminated. Id. at ¶ 41.

Hernández initiated this action on her own and her minor daughter's behalf, asserting that the Colegio was negligent, breached contractual obligations, and defamed her. Defendants contend the case should be summarily dismissed because (1) there is no evidence that a sexual molestation incident occurred; (2) Hernández' negligence claims are time-barred; (3) the Colegio breached no contract; and (4) there are no defamatory statements sustaining liability.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial. Mesnick v. General Electric Co., 950 F. 2d 816, 822 (1st Cir. 1991).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). As to issues on which the nonmovant has the burden of proof, the movant need to no more

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 3 of 17

Elaine Hernández, et al. v. Colegio y Noviciado Santa María del Camino, Inc. et al.
Civil No. 12-2052 (PAD)
Opinion and Order
Page 3

than aver absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325; Mottolo v. Fireman's Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995). All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. Shafmaster v. United States, 707 F.3d. 130, 135 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows.

### III. RELEVANT FINDINGS OF FACT

#### A. Context

In 2010, Hernández was hired as a "teaching assistant" in the Colegio for the academic year running from August 2010 to June 2011. See, Docket No. 154, Exh. 1, Statement of Uncontested Material Facts in Support of Motion Requesting Summary Judgment ("SUMF") at ¶¶ 2 and 3. She enrolled her daughter, minor I.C.H, as a pre-kinder student at the Colegio for the same academic year. SUMF at ¶ 1.

On January 24, 2011, around 9:00 a.m., Hernández requested permission from the Kindergarten teacher to take the classroom's attendance sheet to the registrar's office. SUMF at ¶ 9. After she did so, she went to her daughter's classroom to give her a blanket. SUMF at ¶ 12. At the classroom, she was told her daughter had gone to the bathroom. SUMF at ¶ 13.

The bathroom assigned for pre-kinder students was located next to the registrar's office, and had a sign posted outside the door stating it was for the exclusive use of pre-kinder students. SUMF at ¶ 14-15, 17. Its interior was divided by three partitions. The first two were showers with curtains and the third was a toilet. The toilet stall had its own door. SUMF at ¶ 18. At the end, there was another area to the left where the sink was located. SUMF at ¶ 19. Its outside door (main door) was closed, but unlocked, when Hernández arrived and opened it. SUMF at ¶¶ 20-21.

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 4 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 4

### B. Incident

As Hernández opened the door, she saw minor E.S.L, a 9th grade student, standing at the doorframe in front of the toilet stall. SUMF at ¶ 22. She asked him whether he was alone, to which he responded in the affirmative. See, Docket No. 211, Exh. 1, Plaintiff's "Amended Opposing Statement of Material Facts" ("OSMF") ¶ 25.[1] She then saw her daughter inside the toilet stall, standing on top of the toilet, wearing a robe that covered up to her knees. Under the robe, her daughter had pants with an elastic band, but was fully clothed with a portion of the robe tucked in her pants. SUMF at ¶¶ 23, 25, 26.

Hernández saw minor E.S.L. grab the left side of his pants upward, from the hip to the waist, but could not see his underwear. SUMF at ¶¶ 28-29. She asked him "[w]hat did you do to my daughter?," he answered "I haven't done anything," Hernández "lost her mind" and, without asking her daughter if anything had happened, assaulted minor E.S.L., fiercely hitting him. SUMF at ¶¶ 33-35. At that, she grabbed E.S.L. by the neck with her right hand, smacking his head against the wall various times while punching him with the left hand. SUMF at ¶ 36. Then, she started shouting out "Viyi" (the registrar), because her office was the closest to the bathroom. SUMF at ¶ 40. Both Viyi and another employee (Carmen Zayas) entered the area, separated Hernández from minor E.S.L., and took minor I.C.H. out of the bathroom. SUMF at ¶ 41.

### C. Subsequent Events

After regaining her composure, Hernández went to look for her daughter, found her at the social worker's office, and interrogated her. SUMF at ¶¶ 42-43. I.C.H. told her mother that nothing had happened. SUMF at ¶ 45. Hernández went out to the hallway, where her cousin and another

---

[1] Mapfre denied and qualified OSMF ¶ 25 on other grounds. It agreed, however, that Hernández testified that minor E.S.L. expressed that he was alone when asked.

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 5 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 5

teacher (Daribel) were. SUMF at ¶¶ 49 and 52. As she stepped into the hallway she saw Dinah Martínez (a Colegio employee), who looked at her and said: "Do you know what you did. You just hit a minor. That's against the law!" SUMF at ¶¶ 50 and 55; OSMF ¶ 50. Dinah also told Hernández that she had called the police because she had hit a minor and committed a crime. OSMF ¶ 50.

Hernández stayed in the Colegio's pastoral office until she was taken to talk to the police officers. SUMF ¶ 60. She has no personal knowledge of what minor I.C.H. told the police, if anything, because she was not present during the interview. SUMF ¶ 66. A police report was filed and Hernández was sent to the hospital. SUMF ¶ 67. On January 28, 2011, the Colegio informed Hernández she could not come to work until it was determined that she could return, but she was never recalled (Docket No. 164, Exh. 7).

## IV. DISCUSSION

### A. Negligence

Under Article 1802 of the Puerto Rico Civil Code, "a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Law Ann. tit. 31 § 5141. Plaintiffs claim the Colegio was negligent in providing reasonable care, safety, and supervision for them (Docket No. 171 at p. 17). In their view, but for that negligence, I.C.H. would not have been sexually molested by E.S.L. For that reason, plaintiffs hold the Colegio liable for their damages. Id.

Defendants counter that liability cannot be established because there is no evidence that any such molestation occurred. They point out Hernández admitted that she never saw any sexual molestation, and that I.C.H. testified that she did not recall anything happening to her. SUMF ¶¶ 30-32, 73. Plaintiffs challenge defendants argument with two documents: (1) a Resolution issued

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 6 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 6

by the Puerto Rico Juvenile Court; and (2) a "Report of Investigation on Abuse or Institutional Negligence Referrals at a School or Academy" prepared by the Puerto Rico Department of the Family (Docket Nos. 171 and 200, Exhs. 6A, 6B and 7).

The Resolution states that E.S.L. admitted to have committed lewd/lascivious acts on minor I.C.H, in that he "passed his tongue over the vagina of the injured party," who at the time was a five (5) year old. The Report concludes that the Colegio was negligent, that I.C.H. went to the bathroom unaccompanied, and that she was sexually molested by E.S.L. It includes an *ad verbatim* description of the incident provided by I.C.H., who according to the Report, said she was molested by minor E.S.L. Defendants object to these documents as inadmissible hearsay, and therefore, insufficient to defeat summary judgment (Docket No. 204 at pp. 5-9).

Fed. R. Civ. P. 56(c)((2) requires that the material relied on to support or dispute a fact in connection with a motion for summary judgment be admissible in evidence. Fed. R. Evid. 802 prohibits the admission of hearsay, except when otherwise made admissible by a federal statute, another rule of evidence, or other rules prescribed by the Supreme Court. The documents in question fit the definition of hearsay set in Fed. R. Evid. 801(c), as out of court statements used to prove the truth of the matter asserted. The question, then, is whether the documents may be admitted as an exception to the hearsay exclusionary rule. See, Dávila v. Corporación de Puerto Rico para la Difusión Pública, 498 F.3d 9, 17 (1st Cir. 2007)("It is black-letter law that hearsay evidence cannot be considered on summary judgment").

(i)     *Juvenile Court's Resolution.*

The Resolution was issued after minor E.S.L. (1) admitted in Juvenile Court to have committed lewd/lascivious acts on minor I.C.H.; (2) was found at fault under the Puerto Rico Minors Act, Law No. 188 of July 9, 1986, P.R. Laws Ann. tit. 34 § 2201, et seq. Plaintiffs claim

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 7 of 17

Elaine Hernández, et al. v. Colegio y Noviciado Santa María del Camino, Inc. et al.
Civil No. 12-2052 (PAD)
Opinion and Order
Page 7

the document constitutes evidence of a penal conviction admissible under Fed. R. Evid. 803(22) (Docket No. 16 at p. 16). This rule contains a hearsay exception for evidence of a conviction when:

> (A) the corresponding judgment was entered after a trial or guilty plea;
>
> (B) the conviction was for a crime punishable by death or by imprisonment for more than a year;
>
> (C) the evidence is admitted to prove any fact essential to the judgment.

The statute pursuant to which minor E.S.L. was tried, states that:

> (a) The procedures and the orders or resolutions of a judge under this chapter shall not be deemed to be of a criminal nature nor will the minor be deemed to be a convicted criminal under said order or resolution.
>
> P.R. Laws Ann. tit. 34 § 2237.

Not encompassing a conviction, and even more, a felony conviction, the Resolution is not admissible under Fed. R. Evid. 803(22). But inadmissibility under one rule does not preclude admissibility under another rule. See, Olsen v. Correiro, 189 F.3d 52, 62-63 (1st Cir. 1999)(noting that evidence not falling within one exception to the hearsay rule could still be admissible because it falls within some other hearsay exception). Such is the case here.

To that end, Fed. R. Evid. 807 provides that hearsay that is not covered by a specific hearsay exception may be admissible if: (i) the statement has equivalent circumstantial guarantees of trustworthiness; (ii) it is offered as evidence of a material fact; (iii) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and (iv) admitting it will best serve the purposes of these rules and the interests of justice.

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 8 of 17

Elaine Hernández, _et al._ v. Colegio y Noviciado Santa María del Camino, Inc. _et al._
Civil No. 12-2052 (PAD)
Opinion and Order
Page 8

The Resolution satisfies these criteria for: (i) it has sufficient guarantees of trustworthiness stemming from the fact that it reflects a statement made by minor E.S.L. against his interest in a judicial process as part of which fault (his fault) was adjudicated; (ii) it is offered as evidence of a material fact (whether E.S.L. sexually molested I.C.H.); and (iii) it includes E.S.L.'s admission, a statement more probative about his participation in the event than any other evidence that plaintiffs could obtain through reasonable effort. Moreover, admitting the Resolution will best serve the interests of justice. The document is not being used against minor E.S.L., who is not a party in this case, which means that prejudice to him is not a concern. For that reason, its admissibility would not contradict the protectionist and rehabilitative philosophy underlying the Puerto Rico Minors Act.

(ii)   _Report of Investigation_.

The Report was prepared by Department of the Family officials following an investigatory protocol, and contains a statement of findings (based in part on I.C.H.'s declaration), in addition to conclusions and determinations. Fed. R. Evid. 803(8) removes the hearsay bar for records, reports or statements of a public office or agency setting out factual findings from a legally authorized investigation, when the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness. It is grounded on the assumption that a public official will perform her duty properly and the unlikelihood that she will remember details independently of the record. See, Fed. R. Evid. 803(8) advisory committee's notes, quoted with approval in Ellis v. International Playtex, Inc., 745 F.2d 292, 300 (4th Cir. 1984).

Trustworthiness is presumed once it is shown that the public report contains factual findings resulting from a factual investigation. See, Ariza v. City of New York, 139 F.3d 132, 134 (2d Cir. 1998)(so noting). The Report here satisfies this requirement. Defendants, however, claim

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 9 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 9

it is not trustworthy. They state the Colegio is challenging the Report's conclusions in an administrative appeal; that the Report's author lacks a factual, legal, or regulatory basis to support the Report's institutional negligence conclusion because it was solely based on a commentary she heard from a fellow Department of the Family co-worker that she could not identify; and that I.C.H. has stated that "nothing" happened in the bathroom (Docket No. 204 at pp. 8-9; Docket No. 205 at pp. 12-14).

In determining whether the sources of information or other circumstances indicate lack of trustworthiness, courts consider the timeliness of the investigation, the skill or experience of the official, possible motivational problems, if a hearing was held, and any other factor relevant to the situation under examination. See, Baker v. Elcona Homes Corp., 588 F.2d 551, 558 (6th Cir. 1978), *cert. denied*, 441 U.S. 933 (1979) (identifying evaluative factors). Measured against those standards, the Report is sufficiently trustworthy to be considered in evidence.

The Department of Family interviewed I.C.H. the day after the alleged incident (Docket No. 242 at pp. 10-11). It followed up with interviews of Colegio personnel. Id. There is no indication that the interviewer (a social worker) was inexperienced or biased. The fact that the Colegio is challenging the Report's conclusions does not detract from its evidentiary value. Fed. R. Evid. 803(8) does not distinguish between fact and opinion. See, Beech Aircraft v. Rainey, 488 U.S. 153, 170 (1988)(so holding).

Legal conclusions are beyond the scope of the exception. See, Hines v. Brandon Steel Decks, Inc., 886 F.2d 299, 302 (11th Cir. 1989)("Rule 803(8)…does not provide for the admissibility of the legal conclusions contained within an otherwise admissible public report"); Zeus Enterprises, Inc. v. Alphin Aircraft, Inc., 190 F.3d 238, 243 (4th Cir. 1999)("The … order involved no factual determinations and was strictly a legal ruling[;] [a]s such, [it].. was not

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 10 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 10

admissible under Rule 803(8)…"); Sullivan v. Dollar Tree Stores, Inc., 623 F.3d 770, 777 (9th Cir. 2010)("Pure legal conclusions are not admissible as factual findings").  In line with this fact-legal distinction, the Report's conclusion that the Colegio was negligent does not require the Report to be excluded in its entirety, since in the Court's view, it consists of a legal conclusion.  As such, it is not admissible under Fed. R. Evid. 803(8).  Thus, that it is being challenged in an administrative appeal does not undermine the Report's trustworthiness.

Finally, although the inability to cross-examine the investigator does not *per se* invalidate a public report, it is nonetheless a proper factor to take into consideration when deciding trustworthiness.  See, Hines, 886 F.2d at 304 (so recognizing).  A formal hearing, then, is not a Sine qua non of admissibility when other indicia of trustworthiness are present.  See, Baker, 588 F. 2d at 558 (so recognizing).  Here, defendants had the opportunity to depose both the social worker and I.C.H.  See, Docket No. 204 at p. 8, and Docket No. 242 at pp.13-14.  So, in context, the Report is trustworthy enough to satisfy Fed. R. Evid. 803(8).

On this reading, both the Juvenile Court's Resolution and the Report of Investigation are admissible, and put forward a factual version of a relevant event at odds with the version that defendants are relying on.  Which version ought to be accepted calls for credibility assessments inappropriate for resolution at the summary judgment stage of the litigation.  See, Pérez-Trujillo v. Volvo Car Corp. (Sweden), 137 F.3d 50, 54 (1st Cir. 1998)(court cannot weigh the credibility of witnesses for purposes of summary judgment); Noonan v. Staples, Inc., 556 F.3d 20, 30 (1st Cir. 2009) (it is for the jury to consider conflicting explanations evinced by the record, and to decide what version to credit).  Consequently, the summary judgment request must be DENIED to the extent it seeks dismissal of negligence claims predicated on whether E.S.L. sexually molested I.C.H.

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 11 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 11

The negligence claim was asserted on behalf of both Hernández and I.C.H. Defendants argue that Hernández' claim is time barred.[2] In Puerto Rico, tort actions deriving from fault or negligence are subject to the one-year statute of limitations set in Article 1868 of the Puerto Rico Civil Code. P.R. Laws Ann. tit. 31 § 5298. This period begins to run when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor. Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia. de Puerto Rico, Inc., 142 F.3d 1, 2 (1st Cir.1998). This does not require actual knowledge; it is enough that the would-be plaintiff had notice that would have led a reasonable person to investigate and uncover any needed information. Rodríguez-Suris v. Montesinos, 123 F.3d 10, 14-17 (1st Cir. 1997); Villarini-García v. Hospital del Maestro, 8 F.3d 81, 84 (1st Cir. 1993).

When an action is filed more than a year after the relevant event, plaintiff carries the burden of showing that she lacked, and could not have reasonably acquired the required knowledge within the statutory period. Fragoso v. López, 991 F.2d 878, 886-887 (1st Cir.1993); Hodge v. Parke Davis & Co., 833 F.2d 6, 7-8 (1st Cir.1987). The incident allegedly occurred on January 24, 2011. Hernández sent to the Colegio an extrajudicial claim more than one year later, on June 6, 2012. A late claim, however, cannot resurrect an expired action. See, Cintron v. Estado Libre Asociado, 127 D.P.R. 582, 589, 594-596 (1990) (because prior action had not tolled the one-year statute of limitations, the subsequent claim was already time barred when filed and should have been dismissed); Ramirez de Arellano v. Alvarez de Choudens, 575 F.2d 315, 320 (1st Cir. 1978)(same).

---

[2] They agree that minor I.C.H.'s negligence claim is not barred, for the statute of limitations does not begin to run against her until she reaches the age of majority. Rivera-Serrano v. Municipio Autónomo de Guaynabo, 2014 T.S.P.R. 118, *5.

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 12 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 12

Hernández argues that her damages were continuing and culminated in November 2011, when she was informed by the Procurer of Minors that charges were going to be filed against minor E.S.L. She states it was at that point, that she knew of the damage and who had caused it (Docket No. 171 at pp. 30, 32-33). The statement does not lead to the conclusion she argues for, since she admitted that on January 24, 2011, she was convinced that her daughter had been sexually abused at the Colegio's premises, by one of Colegio's students (minor E.S.L.), and that although I.C.H. never discussed the incident with her, Hernández had information that led her to believe her daughter had been sexually molested. SUMF at ¶ 104 and Docket No. 156, Exh. 5, p. 327. It is not necessary to know the full extent of the asserted damages to know that damages exist. Vera Morales v. Bravo, 161 D.P.R. 308, 330 (2004); Ortiz v. Municipio, 113 D.P.R. 484, 487 (1982).

On this record, it is not feasible to conclude that Hernández was not aware of the identity of the tortfeasor or that she was not capable of pursuing a cause of action against it for the damages allegedly suffered as a result of the incident for which she complains. A continuing violation is occasioned by continuing unlawful acts, not by the continuing effects of an original violation. Bonilla v. Trebol Motors Corp., 913 F.Supp. 655, 559 (D.P.R. 1995).

Hernández contends the molestation incident resulted from a breach of the Enrollment Contract with the Colegio, and therefore, that the underlying action is subject to the fifteen (15) year statute of limitations applicable to breach of contract claims set in Article 1864 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5294. The Puerto Rico Supreme Court has held that certain institutions – such as schools, hospitals and hotels – owe the utmost duty of care to their guests, patients and students in order to protect them from the criminal acts of another party. Santiago Vazquez v. E.L.A., 138 D.P.R. 10, 13-14 (1995); Chapman v. E.S.J. Towers, Inc., 803 F.Supp. 571, 573 (D.P.R. 1992).

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 13 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 13

Liability attributed to fault or negligence in complying with that standard of care has been subjected to Article 1802 of the Puerto Rico Civil Code.  See, Elba v. University of Puerto Rico, 125 D.P.R. 294, 311-315 (1990)(holding that the University's failure to provide adequate security in a high-risk rape area gave rise to violent assault of female student and sustained liability under Article 1802); Tormos-Adorno v. D.I.P., 140 D.P.R. 265, 271-272 (1996) (public high school's breach of duty to protect students from criminal acts lead to liability under Article 1802).  Those actions are governed by the one-year limitations period rather than by the longer period available for breach of contract claims.[3]  Thus, Hernández' negligence claim is time-barred and must be DISMISSED.

### B.  Hernández' Employment Contract[4]

Hernández posits that the Colegio breached her fixed-term employment contract by terminating her employment without just cause prior to the agreed upon termination date.[5]  Article 1207 of the Puerto Rico Civil Code states that the contracting parties may "establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals or public order."  P.R. Laws. Ann. tit. 31 § 3372.  Consistent with this principle, "obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulation."  P.R. Laws. Ann. tit. 31 § 2994.  Internal company

---

[3]  Hernández did not submit copy of a contract to prove the Colegio also breached a contractual obligation.  The only document submitted in support of this claim is the "Solicitud de Admisión" (Application for the 2010-2011 School Year) that includes minor I.C.H.'s and Hernández' personal information.  Nothing else.

[4]  Defendants original request to dismiss Hernandez' breach of contract claim was predicated on the fact that the Employment Contract expired by its own terms on June 30, 2011, and, thus, that the Colegio's decision not to renew it was consistent with its terms and conditions.  Yet, Hernández' claim is predicated on termination before that date.  Even though the Court could have denied defendants' request on this ground, it will evaluate the merits of Hernandez' claim based on the parties' submissions in response to Mapfre's request for summary judgment (Docket No. 171 at pp. 18-20; Docket No. 204 at pp. 10-12; and Docket No. 242 at pp. 15-16).

[5]  The Colegio effectively ended Hernández' employment when it informed her on January 28, 2011, that she could not work until recalled, which never occurred.

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 14 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 14

rules and regulations governing the rights and obligations of employees are considered part of the employment contract.  <u>Selosse</u> v. <u>Fund. Educ. Ana G. Méndez</u>, 122 D.P.R. 534, 549 (1988).

The Colegio's Employee Manual prohibits a teacher from hitting students (Docket No. 200, Exh. 12 at p. 2), and provides that upon confirmation of mistreatment, the employee shall be definitively separated from employment. <u>Id.</u> at p. 4.  It is uncontested that Hernández (as a member of the Colegio's faculty) assaulted minor E.S.L. (a student).  She testified that after seeing and confronting the minor, she lost her mind and, without asking her daughter if "anything" had happened, assaulted minor E.S.L., fiercely hitting him.  SUMF at ¶ 35.  Similarly, she admitted to have grabbed minor E.S.L. by the neck with her right hand, smacked his head against the wall various times, while punching him with the left hand. SUMF at ¶ 36.

Hernández' conduct was contrary to the Colegio's Employee Manual.  Her reasons behind her conduct – that she assumed some sort of unwanted sexual contact had occurred (SUMF at ¶ 39) – do not alter this conclusion.  Her qualification of the Employee Manual as providing for reinstatement of an employee "if found innocent," (Docket No. 221 at ¶ 57 and Docket No. 171 at pp. 19-20), finds no support in the record.  Therefore, the Colegio had just cause to terminate Hernández' employment prior to the contract's termination date.[6]  Defendants' request to dismiss Hernández' claim for breach of her employment contract with the Colegio must be GRANTED.

### C. **Hernández' Defamation Claim**

Hernández argues that the Colegio defamed her.  Under Puerto Rico law, a private plaintiff asserting a defamation claim against a private defendant, must show that the defendant made a false statement, in a negligent manner, causing actual damage to the plaintiff.  <u>Villanueva</u> v.

---

[6] <u>See</u>, Jorge L. Capó-Matos, *Employment at Will: A State-by-State Survey, Puerto Rico*, 947 (BNA Books, Arlington, VA. 2011)(discussing caselaw recognizing just cause for employee's discharge due to aggression and assault).

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 15 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 15

Hernández-Class, 128 D.P.R. 618, 642 (1991); Baltodano v. Merck, Sharp & Dohme (I.A.) Corp., 637 F.3d 38, 43 (1st 2011); Swanson v. Coffeen, 952 F.Supp.2d 390, 395 (D.P.R. 2013).

First, Hernández complains of Dinah's comment that Hernández hit and physically assaulted minor E.S.L. Yet that comment is truthful. Only false statements may be considered defamatory. Segarra-Jimenez v. Banco Popular, Inc., 421 F.Supp.2d 452, 458 (D.P.R. 2006)(so noting).

Second, Hernández alleges that statements made by Nilda Colón and Nilda's sister, Miriam, in the faculty lounge while some employees were having lunch, were defamatory. These comments were heard by Ana Cruz. In particular, Cruz heard the sisters say that Hernández was crazy, making things up, and out of control; and that minor E.S.L. was incapable of doing what Hernández attributed to him. Cruz, however, admitted that she did not believe those comments to be true, and did not find Hernandez' reaction inappropriate (Docket No. 171 at p. 22).

It is apparent that Hernández' reputation was not damaged with Cruz, and no other evidence was submitted that any of the Colón sisters' comments damaged Hernández' reputation in the Colegio or anywhere else. The interest protected by the defamation action, then, is not implicated to the point of sustaining the claim, for the action seeks to protect the plaintiff's reputation from the deliberate or negligent publication of false information about herself. Porto v. Bentley, 132 D.P.R. 331, 345 (1992); Corrada-Betances v. Sea-Land Services, 2000 WL 33687211 *3 (D.P.R. July 24, 2000), *aff'd* 248 F.3d 40 (1st Cir. 2001); Prosser and Keeton, The Law of Torts, 773 (West 5th Ed., 1984) ("Defamation is … that which tends to injure 'reputation' in the popular sense …").

Nor is there evidence that Nilda or Miriam were acting within the scope of their employment with the Colegio when the comments were made. What a person says about a

Case 3:12-cv-02052-PAD-MEL Document 256 Filed 03/27/15 Page 16 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 16

coworker cannot be automatically attributed to the employer even if the statement is made in the employer's premises. Corrada-Betances, 2000 WL 33687211 at *4. Moreover, any link those statements may have to liability is severed by untimeliness. Defamation claims are subject to the one-year statute of limitations set for tort actions by Article 1868 of the Civil Code. Ojeda-Ojeda v. El Vocero, 137 D.P.R. 315, 326 (1994). Nilda's and Miriam's statements, as well as the one attributed to Dinah that Hernández committed a crime in hitting minor E.S.L., were made in January 2011. Resultantly, they are time barred.

Third, Hernández points out that the Colegio "institutionally" defamed her by not expelling minor E.S.L. and instead allowing him to finish the semester and enroll and study in the 2011-2012 school year. In her view, the fact that the Colegio did so means it was defaming her by adopting E.S.L.'s version of the events as the official position (Docket No. 171 at pp. 20-21). A school's decision to permit a student to finish a semester or enroll is not defamatory in any significant sense. Defamation involves statements, not institutional decisions like the ones at issue in this case. Correspondingly, Hernández' action must be DISMISSED.

## V. CONCLUSION

In view of the foregoing, defendants' motion for summary judgment (Docket No. 154) is GRANTED IN PART and DENIED IN PART AS FOLLOWS:

(i) Defendants' request to dismiss the negligence action by alleging that the bathroom incident never occurred is DENIED;

(ii) Defendants' request to dismiss Hernández' negligence claims as time-barred is GRANTED;

(iii) Defendants' request to dismiss Hernández' employment contract claim is GRANTED.

Case 3:12-cv-02052-PAD-MEL   Document 256   Filed 03/27/15   Page 17 of 17

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 17

  (iv)  Defendants' request to dismiss Hernández' defamation claim is GRANTED;

  (v)  I.C.H.'s negligence claim survives summary judgment.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March, 2015.

              s/Pedro A. Delgado-Hernández
              PEDRO A. DELGADO-HERNÁNDEZ
              United States District Judge