IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELAINE HERNÁNDEZ, <u>et al.</u>,**<br><br>   Plaintiffs,<br><br>                        v.<br><br>**COLEGIO Y NOVICIADO SANTA MARIA DEL CAMINO, INC.; <u>et al.</u>**<br><br>   Defendants. | CIVIL NO. 12-2052 (PAD) |

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Elaine Hernández initiated this action against Colegio Santa Maria del Camino and its insurer, Mapfre/Praico Insurance Company of Puerto Rico, claiming that a minor (E.S.L.) sexually molested her daughter (minor I.C.H.) at the Colegio's premises, where both minors were enrolled (Docket No. 59 at ¶¶ 8-49). Before the Court is Mapfre's "Motion for Summary Judgment" (Docket No. 190), which plaintiffs and the Colegio opposed (Docket Nos. 224 and 221-222). Mapfre replied (Docket Nos. 237 and 238), and plaintiffs and the Colegio sur-replied (Docket Nos. 245, 248 and 249). The Court GRANTS the motion and DISMISSES the case against Mapfre.

**I.   BACKGROUND**

The complaint was brought on Hernández' and on I.C.H.'s behalf. Plaintiffs allege that I.C.H. was sexually molested because of the Colegio's negligence; that the Colegio breached contractual obligations; and that Hernández was defamed. At the time of the asserted occurrence, the Colegio was insured through a Commercial General Liability Policy issued by Mapfre. In Docket No. 256, the Court dismissed all of plaintiffs' claims except the negligence claim filed on

Case 3:12-cv-02052-PAD-MEL   Document 257   Filed 03/27/15   Page 2 of 6

Elaine Hernández, et al. v. Colegio y Noviciado Santa María del Camino, Inc. et al.
Civil No. 12-2052 (PAD)
Opinion and Order
Page 2

behalf of I.C.H. The issue here, then, is whether I.C.H.'s claim falls within the policy's "Abuse or Molestation Exclusion."

## II.   DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial. Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991). It permits evaluation of insurance coverage allegations, and dismissal when coverage does not exist. López & Medina Corp. v. Marsh USA, Inc., 667 F.3d 58, 63 (1st Cir. 2012).

### B.  Insurance Contracts

The Puerto Rico Insurance Code governs insurance contracts in Puerto Rico. The contract's terms are set forth in the policy. Natal Cruz v. Negrón, 2013 T.S.P.R. 67, *5 (citing Maderas Tratadas v. Sun Alliance et. al., 185 D.P.R. 880 (2012)). They are accorded their ordinary meaning, as amplified, extended, or modified by any lawful rider, endorsement, or application attached to, and made part of the policy. P.R. Laws Ann. tit. 26 § 1125; see also, Natal Cruz v. Negrón, 2013 T.S.P.R. 67, *5-6; Marina-Aguila v. Den Caribbean, Inc., 490 F.Supp.2d 244, 248 (D.P.R. 2007); Metlife Capital Corp. v. Westchester Fire Ins. Co., 224 F.Supp.2d 374, 382 (D.P.R. 2002)). When they are clear and unambiguous, they must be applied and enforced as written. Marina Aguila, 490 F.Supp.2d at 249; Natal Cruz, 2013 T.S.P.R. 67 at *5.

Case 3:12-cv-02052-PAD-MEL   Document 257   Filed 03/27/15   Page 3 of 6

Elaine Hernández, et al. v. Colegio y Noviciado Santa María del Camino, Inc. et al.
Civil No. 12-2052 (PAD)
Opinion and Order
Page 3

Ambiguity does not exist simply because the parties disagree about the proper interpretation of a policy provision. Rather, it may be found where the policy's language is susceptible to more than one rational interpretation. Clark School for Creative Learning, Inc. v. Philadelphia Indem. Ins. Co., 734 F.3d 51, 55 (1st Cir. 2013). The same is true with respect to exclusions. Natal Cruz, 2013 T.S.P.R. 67, *5.

**C. Analysis**

The Policy here includes an "Abuse or Molestation Exclusion," providing that:

The insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**1.** the actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or

**2.** the negligent:
  **a.** Employment;
  **b.** Investigation;
  **c.** Supervision;
  **d.** Reporting to the proper authorities, or failure to so report; or
  **e.** Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

Docket No. 190, Exh. 1 at p. 126.

Mapfre contends this exclusion precludes coverage. First, it maintains that the exclusion applies to all types of negligent conduct arising out of abuse or molestation by anyone of any person, while in the care, custody or control of the insured, and to all damages arising out of incidents of molestation. Second, it argues that all claims and/or causes of action plaintiffs have filed against the Colegio flow from the alleged sexual molestation incident. Next, it claims that at that time, minor I.C.H. was under the care, custody or control of the Colegio. As such, and given plaintiffs' claim that the Colegio failed to properly supervise the use of the bathroom and let minor

Case 3:12-cv-02052-PAD-MEL   Document 257   Filed 03/27/15   Page 4 of 6

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 4

I.C.H. go there unaccompanied, the allegations fall squarely within the exclusionary language for negligent supervision of a person for whom the Colegio is, or ever was legally responsible (Docket No. 191 at pp. 15-16, 18-19).

By contrast, for the Colegio, the exclusion is directed at excluding coverage under the common "respondent superior responsibility" that a school would have with respect to the actions of its employees and officials toward their students, and not to the alleged sexual molestation of a minor student by another student in the same school (Docket No. 221 at p. 13). Correspondingly, it claims that the abuse or molestation exclusion is inapplicable to an "innocent insured" (in this case, the Colegio), who did not commit the conduct excluded from coverage, but is being held accountable for negligence. Id. at pp. 13-14.

The clear and unambiguous language of the exclusion clause specifically excludes coverage for any and all claims arising from the *actual* or *threatened* abuse or molestation *by anyone* of *any* person while in the care, custody or control of any insured; or the negligent supervision of a *person* for whom the Colegio *is or ever was* legally responsible and whose conduct is thereby excluded. By incorporating the term "by anyone of any person" in the exclusion clause, the policy excludes coverage for the conduct alleged to have occurred in this case, regardless of who the involved parties were, as long as the victim was in the care, custody or control of the Colegio.

The result is not counterintuitive, but consistent with the conclusion reached in cases involving clauses with similar or analogous exclusionary language. See, Erie Ins. Exchange v. First United Methodist Church, 690 F.Supp.2d 410 (4th Cir. 2010) (finding the exclusion to be unambiguous and applicable to claims arising out of the abuse of minors BK, BD and CS at a preschool by another minor at First United Methodist Church Preschool); Community Action for

Case 3:12-cv-02052-PAD-MEL   Document 257   Filed 03/27/15   Page 5 of 6

Elaine Hernández, et al. v. Colegio y Noviciado Santa María del Camino, Inc. et al.
Civil No. 12-2052 (PAD)
Opinion and Order
Page 5

Greater Middlesex Cnty, Inc. v. American Alliance Ins. Co., 757 A.2d 1074 (2000) (excluding coverage in suit of alleged sexual molestation of female child who attended insured's preschool by three young boys who also attended that preschool).

The "innocent insured exception," argument does not lead to a different result. For example, in New London County Mutual Insurance v. Lyon, 2011 WL 1565811 (Conn.Super. March 25, 2011) an insured was sued for negligently providing a minor with alcohol in the insured's home, after which the minor was sexually assaulted in that same location by an unknown third person. The policy excluded coverage for "body injury" or "property damage" arising out of "sexual molestation, corporal punishment or physical or mental abuse…" Id. at *4. The court recognized that parties may exclude from coverage, "injuries from sexual molestation regardless of who commits it" (Id. at *7), but that the policy in question was ambiguous and did not specify whose actions were so excluded. Id. at *8. For that reason, it required the insurer to defend the insured (an "innocent insured"), who did not commit the sexual assault himself. Id. at *6-*7, *9. Yet that is not the situation here, where the clause clearly excludes coverage.

Likewise, in American Family Mutual Ins. v. Bower II, 752 F.Supp.2d 957, 965 (2010), the insurer argued that coverage was precluded under one or all of the following exclusions (i) the sexual molestation exclusion, (ii) the intentional acts exclusion; and (iii) the violation of law exclusion. Id. at 965-966. The court, however, held that coverage was not excluded for the negligent acts of a co-insured. Again, that is not the situation in this case, where no co-insured has asked the insurer to cover the alleged occurrence. More important, as written, the exclusion directly applies to the *negligent supervision* of a person (like I.C.H. and E.S.L.), for whom the Colegio "is or ever was legally responsible."

Case 3:12-cv-02052-PAD-MEL   Document 257   Filed 03/27/15   Page 6 of 6

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Opinion and Order
Page 6

Plaintiffs allege the exclusion is inapplicable because minor E.S.L. was not an employee of the Colegio and, thus, that the Colegio had no legal responsibility over his actions. Such reading overlooks the policy's clear and unambiguous terms and directly contradict plaintiffs' position throughout the case: (1) that the Colegio was legally responsible for the supervision of both E.S.L. and I.C.H., and (2) that the unsupervised use of the bathroom by those students led to the sexual molestation incident upon which they seek to find the Colegio liable.[1] In these circumstances, I.C.H.'s claim is excluded under the "Abuse or Molestation Exclusion" of the Policy.[2]

### III.    CONCLUSION

In view of the foregoing, Mapfre's motion for summary judgment (Docket No. 190) is GRANTED, and the claims against it dismissed.

**SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of March, 2015.

                                                      s/Pedro A. Delgado-Hernández
                                                      PEDRO A. DELGADO-HERNÁNDEZ
                                                      United States District Judge

---

[1] Plaintiffs also claim that, even if no sexual molestation occurred, Hernandez "still suffered damages from what she believed she saw during the [b]athroom [i]ncident in which she saw [m]inor E.S.L. with his pants down alone in the toilet cubicle of the bathroom with her daughter, and believed [m]inor E.S.L. had sexually molested her daughter." Id. at pp. 16-17. That may be so, but this argument was made before the Court dismissed Hernandez' negligence claim as time barred. See, Docket No. 256, at p. 16.

[2] Plaintiffs allege Mapfre has assumed "contrary" positions by requesting the dismissal of the case on its merits and the dismissal of the case for lack of insurance coverage. It is clear that Mapfre's requests involve different arguments based on different premises. The motion for summary judgment at Docket No. 154 was mainly based on the contention that plaintiffs' own admissions during their depositions confirmed that the alleged sexual molestation incident did not occur, while the current motion is predicated on the lack of coverage under the Policy.