IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELAINE HERNÁNDEZ, <u>et al.</u>,**<br><br>    **Plaintiffs,**<br><br>           v.<br><br>**COLEGIO Y NOVICIADO SANTA MARIA DEL CAMINO, INC.; <u>et al.</u>**<br><br>    **Defendants.** | **CIVIL NO. 12-2052 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge

    This is an action for damages under Puerto Rico law. Defendants denied liability and moved for summary judgment. At Docket Nos. 256 and 257, the court ruled on those motions, dismissing all but one of plaintiffs' claims. Plaintiffs and Colegio Santa María del Camino timely requested reconsideration. Before the Court are "Plaintiff's First Motion to Alter or Amend Judgment" (Docket No. 260), which Mapfre opposed (Docket No. 267); "Plaintiffs' Second Motion to Alter or Amend Judgment" (Docket No. 261), which Mapfre opposed (Docket No. 268); and Colegio's "Motion for Reconsideration Pursuant to Rule 59(e) Federal Rules of Civil Procedure" (Docket No. 264), which plaintiffs opposed (Docket No. 269). The Colegio joined Mapfre's motions (Docket No. 270). As explained below, the motions are DENIED.

                      **I.    DISCUSSION**

   A.  <u>Plaintiffs' Motions</u>

    Plaintiffs contend reconsideration is warranted as to the dismissal of: (1) Elaine Hernández' contract actions; and (2) the insurance coverage claim against Mapfre. In connection with the

Case 3:12-cv-02052-PAD-MEL   Document 272   Filed 05/18/15   Page 2 of 6

Elaine Hernández, et al. v. Colegio y Noviciado Santa María del Camino, Inc. et al.
Civil No. 12-2052 (PAD)
Memorandum and Order
Page 2

employment contract action, the court is not persuaded, for at the end of the day engaging in workplace violence (such as occurred here) constitutes just cause for termination. Likewise, the argument that Ms. Hernández' negligence claim against the Colegio is subject to a 15-year limitations period – as opposed to a 1-year period – runs contrary to the controlling caselaw against which the claim should be tested in light of the summary judgment record. Finally, the allegation that no policy exclusion bars recovery against the insurer finds no support in the unambiguous language of the policy. Consequently, plaintiffs' motions must be denied.

B. Colegio's Motion

The Colegio's motion argues that: (1) there is no evidence to support a damages claim under Puerto Rico's tort statute because minor I.C.H. admitted to have suffered no damages from the bathroom incident; and (2) neither the Juvenile Court's Resolution nor the Department of the Family's Report should be admitted. For that reason, it asks the court to dismiss the case under Fed. R. Civ. P. 56.

Contrary to the Colegio's assertion, there is sufficient evidence of damages to carry the case forward. The description plaintiffs provide at pages 5-9 of Docket No. 269 suffices to so confirm. As to the Juvenile Court's Resolution, the court sees no need to modify its prior ruling to prevent the Resolution's use at this stage to defeat summary judgment.[1] Regarding the Report of Investigation, the Colegio predicates its challenge on lack of trustworthiness and, by way of an argument not previously raised, on "hearsay within hearsay" grounds. The untrustworthiness

---

[1] Not only is the Resolution admissible under Fed.R.Evid. 807, it is also a document of whose content the court may take judicial notice under Fed.R.Evid. 201. See, Anderson v. City of Lemon Grove, 2011 WL 1157700, *2 (S.D. Cal. March 29, 2011)(taking judicial notice of juvenile court records in connection with action based on removal of minor from plaintiff's custody following reports that minor had been physically abused); Gutierrez v. Hedgepeth, 2011 WL 3419564, *4 (C.D. Cal. June 23, 2011)(Report and Recommendation adopted on August 4, 2011)(taking judicial notice of content of juvenile court's file in connection with juvenile's adjudged to have committed assault with a deadly weapon).

Case 3:12-cv-02052-PAD-MEL   Document 272   Filed 05/18/15   Page 3 of 6

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Memorandum and Order
Page 3

argument seems more properly addressed to a jury and does not require the ruling the Colegio seeks. The "hearsay within hearsay" issue, however, gives the court pause.

Fed.R.Evid. 803(8) permits, as an exception to the hearsay rule, the admission in civil suits of reports containing factual findings derived from a legally authorized investigation. In general, the Report of Investigation qualifies for admission under this rule. But the Colegio objects the Report includes the out-of-court statement that I.C.H. gave to the social worker who prepared it, and on that basis, claims the Report must be excluded as inadmissible hearsay.

Fed. R. Evid. 805 provides that "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule." The rule would not prohibit consideration of I.C.H.'s statement if the statement were not considered hearsay. See, Yates v. Rexton, Inc., 267 F.3d 793, 801-802 (8th Cir. 2001)(admitting statements because they qualified as nonhearsay statements by agents of party opponent); Wilkerson v. Columbus Separate School Dist., 985 F.2d 815, 818 (5th Cir. 1993)(same).

Under Fed.R.Evid. 801(d)(1)(B), a statement is not hearsay when the declarant testifies, is subject to cross-examination about a prior statement, the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying.[2] The Colegio points out that I.C.H. initially denied to multiple persons that she suffered any kind of sexual assault, but that her mother had a motive to fabricate the assault allegations and sufficient time to convince her daughter to state that an abuse had occurred to protect herself (Docket No. 264 at p. 16). To that end, it attacks I.C.H.'s statement to the social workers as a fabrication. Id.

---

[2] Based on the record as it now stands, no other exclusion from the hearsay definition would arguably apply here under Fed.R.Evid. 801(d).

Case 3:12-cv-02052-PAD-MEL   Document 272   Filed 05/18/15   Page 4 of 6

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Memorandum and Order
Page 4

That attack, in turn, permits plaintiffs to counterattack with the prior statement. But for that testimony to be considered non-hearsay under Fed. R. Evid. 801(d)(1)(B), it must be consistent with testimony I.C.H. gave in her deposition, and it is not. Moreover, the statement must have been made before the declarant's motive to fabricate arose, Tome v. U.S., 513 U.S. 150, 156 (1995), and it is not clear from the record when that would have occurred. With these constraints, it would not seem that I.C.H.'s statement fits the definition of non-hearsay contemplated in the rule.[3]

Fed. R. Evid. 803(8) is not a multilevel exception covering all hearsay contained in a public record. Jordan v. Binns, 712 F.3d 1123, 1132 (7th Cir. 2013)(so noting). In line with this principle, it does not remove the hearsay bar for a statement from a nongovernmental party included in an investigatory report. Id. at 1133. Each layer of hearsay must be admissible on an independent basis. Fed.R.Evid. 805; U.S. v. Mackey, 117 F.3d 24, 28-29 (1st Cir. 1997); U.S. v. Ortiz, 125 F.3d 630, 632 (8th Cir. 1997); Yates, 267 F.3d at 802.

Plaintiffs claim the statement is admissible under Fed. R. Evid. 803(5), pursuant to which a record is not excluded by the rule against hearsay if it: (1) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (2) was made or adopted by the witness when the matter was fresh in the witness' memory; and (3) accurately reflects the witness' knowledge. Records admitted under this rule may only be received as exhibit if offered by an adverse party. Id. It is unclear plaintiffs complied with the foundational requirements necessary to ensure admissibility under Fed.R.Evid. 803(5). Assuming they complied with those

---

[3] Compare this situation with the one described in in Baker v. Elcona Homes Corp., 588 F.2d 551, 559 (6th Cir. 1978), where the court admitted a police report containing a witness's nonhearsay prior consistent statement under Fed. R. Evid. 801(d)(1)(B).

Case 3:12-cv-02052-PAD-MEL   Document 272   Filed 05/18/15   Page 5 of 6

Elaine Hernández, et al. v. Colegio y Noviciado Santa María del Camino, Inc. et al.
Civil No. 12-2052 (PAD)
Memorandum and Order
Page 5

requirements, the document would not be admissible as an exhibit because the Colegio did not offer it in evidence.

In these circumstances, I.C.H.'s statement is not admissible and, as such, cannot be considered in determining whether a genuine issue of material fact exists under Fed. R. Civ. P. 56. See, Kenney v. Floyd, 700 F.3d 604, 609 (1st Cir. 2012)(holding that inadmissible hearsay evidence cannot be considered on summary judgment for the truth of the matter asserted); Quinones v. Buick, 436 F.3d 284, 291 (1st Cir. 2006)(noting that opposition to a motion for summary judgment must set forth such facts as would be admissible in evidence).

That said, the statement's inadmissibility does not spill over to require the Report's exclusion, inasmuch as it does not merely consist of I.C.H.'s statement. Rather, it contains factual findings, which make the report admissible under Fed. R. Evid. 803(8).[4] See, U.S. v. Ortiz, 125 F.3d 630, 632 (8th Cir. 1997)(so stating); U.S. v. Taylor, 462 F.3d 1023, 1026 (8th Cir. 2006)(excluding report consisting solely of recitation of statement that fell under no exception to hearsay rule).

On this reading, the Report remains admitted for summary judgment purposes under Fed. R. Evid. 803(6), albeit without I.C.H.'s statement. See, Beech Aircraft, 488 U.S. at 167-168 (recognizing trial court's discretion to exclude report or portions thereof); Jordan v. Binns, 712

---

[4] The Report concludes that "we have been able to corroborate the minor [I.C.H.] was sexually abused by a fourteen (14) years old youngster (E.S.) who is also a student" (Docket No. 171, Exh. 7 at p. 8). At summary judgment, the evidence must be viewed in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor. See, Cracchiolo v. Eastern Fisheries, Inc., 740 F.3d 64, 65 (1st Cir. 2014)(so specifying); Sensing v. Outback Steakhouse of Florida, LLC, 575 F.3d 145, 153 (1st Cir. 2009)(same). Against that standard, the Report serves to preclude dismissal at this stage of the litigation. In general, see Beech Aircraft v. Rainey, 488 U.S. 153, 161-170 (JAG Report's factual findings and conclusions admissible under investigatory report exception to hearsay rule).

Case 3:12-cv-02052-PAD-MEL   Document 272   Filed 05/18/15   Page 6 of 6

Elaine Hernández, *et al.* v. Colegio y Noviciado Santa María del Camino, Inc. *et al.*
Civil No. 12-2052 (PAD)
Memorandum and Order
Page 6

F.3d 1123, 1133 (7th Cir. 2013)(redacting inadmissible portion of investigatory report).[5] The redaction does not alter the summary judgment ruling, for there is admissible evidence (e.g. the Juvenile Court's Resolution and the Report's finding) sustaining the ruling. Therefore, the Colegio's motion must be denied.

## II. CONCLUSION

In view of the foregoing:

1. "Plaintiffs' First Motion to Alter or Amend Judgment" (Docket No. 260) is DENIED

2. "Plaintiffs' Second Motion to Alter or Amend Judgment" (Docket No. 261) is DENIED.

3. Colegio's "Motion for Reconsideration Pursuant to Rule 59(e) Federal Rules of Civil Procedure" (Docket No. 264) is DENIED.

**SO ORDERED**.

In San Juan, Puerto Rico, this 18th day of May, 2015.

        s/Pedro A. Delgado-Hernández
        PEDRO A. DELGADO-HERNÁNDEZ
        United States District Judge

---

[5] However, the Report may be admissible in its entirety at trial if plaintiffs satisfied all of the conditions necessary for its admissibility. Correspondingly, it may be entirely excluded should the Colegio successfully renew its challenge to prevent the Report's use at trial on grounds different than those it has invoked.